Filed 4/3/15  P. v. Young CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E059687 |
| v. | (Super.Ct.No. SWF1207095) |
| WILLIE RAY YOUNG, JR., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Thomas Glasser, Judge. (Retired Judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed as modified with directions.

Robert L.S. Angres, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Senior Assistant Attorney General, Peter Quon and Meredith S. White, Deputy Attorneys General, for Plaintiff and Respondent.

1

A jury found defendant and appellant Willie Ray Young, Jr., guilty of misdemeanor assault (Pen. Code, § 240),[1] as a lesser included offense of assault to commit rape or oral copulation (§§ 220, subd. (a), 264.1, 288 & 289) as alleged in count 1, and criminal threats (§ 422; count 3).[2] Defendant was thereafter placed on formal probation for a period of three years on various terms and conditions, including serving 365 days in county jail. On appeal, defendant argues that (1) the probation condition requiring him to have his residence approved by his probation officer is unconstitutionally overbroad and impinges on his rights to travel and freedom of association; and (2) the court's minute order must be corrected because it reflects an improper probation revocation fine. We agree that the challenged probation condition should be modified. We also agree the judgment should be modified to reflect the trial court's oral pronouncement of judgment as to the probation revocation fine. Otherwise, we affirm the judgment.

I

FACTUAL BACKGROUND

Defendant and Jane Doe met online in 2012. They were in a dating-type relationship and had met in person three to five times. Each time they met in person, they had engaged in sexual activity.

---

[1] All future statutory references are to the Penal Code unless otherwise stated.

[2] The jury found defendant not guilty of a second count of assault to commit rape or oral copulation as alleged in count 2, as well as a not true finding on the great bodily injury enhancement (§ 12022.8) attached to count 1.

2

On September 15, 2012, defendant and Doe agreed to meet up. They initially met at a fast food restaurant, but then drove separately to a more remote side street. Once at the remote location, defendant and Doe moved to the backseat of Doe's car and had consensual intercourse. After they were done, defendant got out of Doe's car and walked back to his car. However, he then turned around and came back to Doe's car. Doe was outside her car, and defendant pushed her back into the backseat of her car and tried to have intercourse with her again. Doe resisted and told defendant to stop. The two began struggling and Doe screamed for help. Defendant put his hand on Doe's neck. Defendant threatened to take Doe down a nearby hill. Doe continued to resist, honked on her car horn, and tried to reach for her cellular phone. Defendant grabbed her arm and twisted. He also choked her and told her that he was going to "break your fucking hand off." Defendant eventually stopped and fled in his car when a nearby resident, who heard the honking horn and Doe's screams for help, called down to Doe that the police were on the way.

II

DISCUSSION

A.    *Probation Condition*

Defendant argues the residence approval condition of his probation should be struck because it is unconstitutionally overbroad and violates his constitutional rights to travel and association.

Among other terms and conditions of probation, the court included the following requirements as stated in condition No. 8: "Inform the probation officer of your place of residence and reside at a residence approved by the probation officer. Give written notice to the probation officer 24 hours before changing your residence and do not move without the approval of the probation officer." Defendant did not object to this probation condition, and expressly agreed to all of the conditions of his probation.

In general, trial courts are given broad discretion in fashioning terms of probation or supervised release in order to foster the reformation and rehabilitation of the offender while protecting public safety. (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1120; *People v. Urke* (2011) 197 Cal.App.4th 766, 774.) Thus, the imposition of a particular condition of probation is subject to review for abuse of that discretion. "As with any exercise of discretion, the court violates this standard when it imposes a condition of probation that is arbitrary, capricious or exceeds the bounds of reason under the circumstances. [Citation.]" (*People v. Jungers* (2005) 127 Cal.App.4th 698, 702.) However, constitutional challenges are reviewed under a different standard. Whether a term of probation is unconstitutionally vague or overbroad presents a question of law, which we review de novo. (*In re J.H.* (2007) 158 Cal.App.4th 174, 183; *In re Shaun R.* (2010) 188 Cal.App.4th 1129, 1143.) We agree with the parties that the failure to object below that a condition of probation is unconstitutionally overbroad does not forfeit review of the issue on appeal, as it is a pure issue of law. (See *In re Sheena K.* (2007) 40 Cal.4th 875, 888-889; *People v. Welch* (1993) 5 Cal.4th 228, 235.)

Defendant contends that the portions of the condition requiring him to " 'reside at a residence approved by the probation officer' " and " 'not move without the approval of his probation officer' " are overbroad as it restricts his right to travel and to freely associate, and to live, with law abiding individuals. He believes that the residency condition must be stricken since "it cannot be narrowly tailored to do no more than further the state's interest in fostering his rehabilitation." He primarily relies on *People v. Bauer* (1989) 211 Cal.App.3d 937 (*Bauer*).

To be valid, a probation condition "must (1) . . . relate[] to the crime of which the defendant was convicted, *or* (2) relate to conduct that is criminal, *or* (3) require or forbid conduct that is reasonably related to future criminality."[3] (*Bauer*, *supra*, 211 Cal.App.3d at p. 942, italics in original.) "If a probation condition serves to rehabilitate and protect public safety, the condition may 'impinge upon a constitutional right otherwise enjoyed by the probationer, who is "not entitled to the same degree of constitutional protection as other citizens." ' " (*People v. O'Neil* (2008) 165 Cal.App.4th 1351, 1355 (*O'Neil*), quoting *People v. Lopez* (1998) 66 Cal.App.4th 615, 624.) But an otherwise valid condition that impinges upon constitutional rights "must be carefully tailored, ' "reasonably related to the compelling state interest in reformation and

---

[3] We focus only on the constitutionality of the condition, not whether it is reasonable as applied to defendant. (See *People v. Lent* (1975) 15 Cal.3d 481, 486 [test for reasonableness of probation conditions].) By failing to object below, defendant has forfeited all claims except a challenge "based on the ground the condition is vague or overbroad and thus facially unconstitutional." (*In re Sheena K.*, *supra*, 40 Cal.4th at p. 878.)

rehabilitation . . . ." ' " (*Bauer*, *supra*, 211 Cal.App.3d at p. 942, quoting *In re White* (1979) 97 Cal.App.3d 141, 146 (*White*).) Moreover, a probation condition cannot be overbroad or vague; it " ' "must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated . . . ." ' " (*People v. Barajas* (2011) 198 Cal.App.4th 748, 753, quoting *In re Sheena K.*, *supra*, 40 Cal.4th at p. 890.) "A restriction is unconstitutionally overbroad . . . if it (1) 'impinge[s] on constitutional rights,' and (2) is not 'tailored carefully and reasonably related to the compelling state interest in reformation and rehabilitation.' [Citations.] The essential question in an overbreadth challenge is the closeness of the fit between the legitimate purpose of the restriction and the burden it imposes on the defendant's constitutional rights—bearing in mind, of course, that perfection in such matters is impossible, and that practical necessity will justify some infringement." (*In re E.O.* (2010) 188 Cal.App.4th 1149, 1153.)

However, even a facial challenge to constitutionality requires more than a one-size-fits-all approach. Our inquiry does not take into account the individual facts pertaining to this particular probationer—as would an "as applied" challenge—but it must take into account the nature of the case and the goals and needs of probation in general. For example, what is constitutional in a case involving drug usage is not necessarily the same as what is constitutional in an assault case. The difficulties of the probation department and the probationer will be quite different in cases where the probationer may be fighting addiction than they will be in other cases. This broad

6

consideration of the nature of the case must inform all decisions about whether the condition has been "narrowly tailored," even where, as here, we do not reach the personal circumstances of the probationer.

Here, the offenses involve an assault and criminal threats. In *Bauer*, the defendant was convicted of false imprisonment and assault. As a probation condition, the trial court required the defendant to "obtain his probation officer's approval of his residence . . . ." (*Bauer*, *supra*, 211 Cal.App.3d at p. 940.) The *Bauer* court held this condition failed the requirements for probation conditions, as it was not related to the defendant's crime and was not related to future criminality. (*Id*. at p. 944.) The *Bauer* court further concluded the restriction was unconstitutionally overbroad, explaining "[t]he condition is all the more disturbing because it impinges on constitutional entitlements—the right to travel and freedom of association. Rather than being narrowly tailored to interfere as little as possible with these important rights, the restriction is extremely broad," and gave the probation officer broad power over the defendant's living situation. (*Id*. at pp. 944-945.)

*Bauer* has been accepted since it was decided nearly 25 years ago, and has been applied in analyzing other probation conditions. For example, in *O'Neil*, *supra*, 165 Cal.App.4th 1351 (a case involving drug sales but not usage), the appellate court found a probation condition prohibiting the probationer from associating with persons not approved by his probation officer to be unconstitutionally overbroad. (*Id*. at p. 1357-1358.) Relying on *Bauer*, the court explained the probation condition placed no limits or guidelines on the probation officer's discretion. Thus, "[w]ithout a meaningful standard,

7

the order is too broad and it is not saved by permitting the probation department to provide the necessary specificity." (*Ibid*.)

The probation condition here suffers from the same infirmity as the one in *Bauer*. It puts no limits on the probation officer's discretion. Probationer's residence could be disapproved for any reason, including inconvenience. Nothing about the nature of the charges suggests a need for such unfettered oversight, so we cannot approve this broad restriction. Further, there is nothing in the record referring to defendant's living situation. Defendant was convicted of simple assault and criminal threats. There is no indication that his home life contributed to these offenses. Thus, the condition was not in any way related to defendant's offenses. Like the court in *Bauer*, we do not find that the condition itself is inappropriate in all circumstances (see *Bauer*, *supra*, 211 Cal.App.3d at p. 944 [finding residence approval condition not related to the defendant and his crimes in the case, but not invalidating the condition in every case]), but that such approval was not related to defendant's crimes and living situation in this case.

Furthermore, the condition is not reasonably related to defendant's future criminality. There is no indication that he was living or planned to live with individuals that might impede his rehabilitation. It is mere speculation to believe he might move to an undesirable location or live in a residence or community which "might be 'a source of temptation to continue to pursue a criminal lifestyle,' " as the People assert. Imposing the residence approval portion of the condition was unreasonable.

The People contend that *Bauer* does not control here because that case "involved an objection to the residence-approval condition as it applied to the defendant [citation], whereas [defendant here] raises a facial constitutional challenge." However, the court in *Bauer* also held that the condition impinged on the right to travel and freedom of association. (*Bauer*, *supra*, 211 Cal.App.3d at p. 944.) The People here claim that the condition is "narrowly tailored to achieve the state's compelling interest in rehabilitation." However, as the court in *Bauer* held, "[r]ather than being narrowly tailored to interfere as little as possible with [the rights to travel and freedom of association], the restriction is extremely broad." (*Ibid*.)

As the parties correctly observe, the constitutionality of probation conditions requiring residence approval is presently before our Supreme Court in *People v. Schaeffer* (2012) 208 Cal.App.4th 1 [Fourth Dist., Div. Two], review granted October 31, 2012, S205260. We distinguish this case from *Schaeffer*. In that case, we allowed a similar probation condition to stand based on the defendant's convictions for possessing methamphetamine and being under the influence of a controlled substance. This is because the defendant's residence could negatively impact her rehabilitation should she choose to live in a residence where drugs are used or sold. Here, defendant's residence would have no such foreseeable effect on his rehabilitation from assaulting and threatening Doe.

In view of the foregoing, we conclude that the challenged condition should be modified. Because we find the residence approval portion of the condition to be

9

overbroad, we will strike that portion of it. We do see the benefit of the probation officer being informed if defendant's residence has changed. We have the power to modify a probation condition on appeal. (See *In re Sheena K.*, *supra*, 40 Cal.4th at p. 892.) Thus, the challenged condition, condition No. 8, should be modified to read as follows: "Keep the probation officer informed of your place of residence and give written notice to the probation officer twenty-four (24) hours prior to a change in residence."

B. *Correction of Court's Minute Order*

Defendant also contends that the trial court's minute order of the September 6, 2013 sentencing hearing should be corrected to reflect the correct probation revocation restitution fine (§ 1202.44). The People correctly concede that the minute order should be so corrected.

At the time of the September 6, 2013 sentencing hearing, the trial court imposed a total restitution fine in the amount of $420: $140 for the simple misdemeanor assault offense in count 1 and $280 for the felony criminal threats offense in count 3. The trial court, however, stayed the punishment for the simple misdemeanor assault offense, including the $140 fine, pursuant to section 654. The court's minute order of the September 6, 2013 sentencing hearing correctly reflects the imposition of the total fine of $420, and also correctly notes that a portion of that fine ($140) was stayed pursuant to section 654. However, the minute order shows the imposition of a probation revocation fine of $420, and there is no corresponding entry indicating that any portion of the probation revocation fine was stayed.

The trial court must impose the probation revocation restitution fine at the same time and in the same amount as the restitution fine. (§ 1202.44; *People v. Guiffre* (2008) 167 Cal.App.4th 430, 434.) Additionally, statutory fines constitute punishment within the meaning of the section 654 ban on multiple punishment; and because the probation revocation fine is considered punishment, and the punishment on the simple assault conviction was stayed pursuant to section 654, the fine on that offense must also be stayed. (§ 15, subd. 3; *People v. Hanson* (2000) 23 Cal.4th 355, 361-363; *People v. Tarris* (2009) 180 Cal.App.4th 612, 628.) When the record of the court's oral pronouncement of judgment regarding sentencing conflicts with the court clerk's minute order, the oral pronouncement controls. (*People v. Farell* (2002) 28 Cal.4th 381, 384, fn. 2; *People v. Mesa* (1975) 14 Cal.3d 466, 471 [rendition of judgment is an oral pronouncement; where discrepancy exists between oral judgment and that entered in the minutes, clerical error in minutes is presumed].) Accordingly, we order the court's minute order of the September 6, 2013 sentencing hearing corrected to show that the probation revocation fine pursuant to section 1202.44 is $280, reflecting imposition of a total probation revocation fine of $420 with $140 for the misdemeanor assault conviction in count 1 stayed pursuant to section 654.

III

DISPOSITION

The trial court is ordered to modify probation condition No. 8 to read: "Keep the probation officer informed of your place of residence and give written notice to the probation officer twenty-four (24) hours prior to a change in residence."

Furthermore, the trial court clerk is directed to prepare an amended sentencing minute order clearly reflecting imposition of a total probation revocation fine pursuant to section 1202.44 as $420 with $140 for the misdemeanor assault conviction in count 1 stayed pursuant to section 654.

We also direct the trial court to forward a copy of the amended sentencing minute order to local custody officials.

In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:


McKINSTER
J.


CODRINGTON
J.

12