Filed 3/25/21  P. v. Turney CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E074135 |
| v. | (Super.Ct.No. RIF1704507) |
| PAULAJEAN PATRICE TURNEY, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Bonnie M. Dumanis, Judge.  (Retired Judge of the San Diego Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed and remanded with directions.

Stephane Quinn, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Melissa Mandel and A. Natasha Cortina, Deputy Attorneys General, for Plaintiff and Respondent.

# I

# INTRODUCTION

After punching a teenager and destroying his cell phone, a jury found defendant and appellant Paulajean Patrice Turney guilty of felony vandalism (Pen. Code,[1] § 594, subd. (a)) and misdemeanor child endangerment (§ 273a, subd. (b)). The trial court suspended imposition of sentence and placed defendant on supervised probation for three years on various terms and conditions, including the obligation to "[r]eport any law enforcement contacts" to her probation officer "within 48 hours." Defendant challenges the police-contact reporting condition, arguing it is unconstitutionally overbroad and vague on its face and must be stricken or modified. We order the matter remanded to the trial court to modify the condition consistent with this opinion. In all other respects, we affirm.

# II

# FACTUAL BACKGROUND

Defendant sped up to a high school crosswalk, almost struck a student, and then yelled profanities at the student for not paying attention. After the student's friend, 17-year-old E.P., yelled profanities back at defendant for her conduct, defendant made a U-turn, pulled over, and confronted E.P. Defendant chest bumped E.P. and the two continued to exchange profanity-laden insults. Ultimately, defendant punched E.P. in the

---

[1] All future references are to the Penal Code unless otherwise stated.

mouth with a closed fist. She then grabbed E.P.'s iPhone, which he had been using to record the incident, and threw it onto the street.

Defendant's punch dislodged E.P.'s braces and caused redness to his eye, nose, and chin. When E.P. recovered his phone, it was cracked and did not work properly.

III

DISCUSSION

As a condition of probation, the trial court ordered defendant to "[r]eport any law enforcement contacts to [her] Probation Officer within 48 hours." Defendant contends that this condition is unconstitutionally overbroad and vague on its face. She asserts the condition is vague because it does not delineate "between casual contact unrelated to criminality, and contact warranting some further investigation by a probation officer." She further argues that the condition is overbroad because it "fails to put [her] on notice of what events she must report."

"When an offender chooses probation, thereby avoiding incarceration, state law authorizes the sentencing court to impose conditions on such release that are 'fitting and proper to the end that justice may be done . . . and . . . for the reformation and rehabilitation of the probationer.'" (*People v. Moran* (2016) 1 Cal.5th 398, 402-403 (*Moran*), quoting § 1203.1, subd. (j).) Thus, "a sentencing court has 'broad discretion to impose conditions to foster rehabilitation and to protect public safety pursuant to Penal Code section 1203.1.' [Citation.]" (*Moran*, at p. 403.) "If a probation condition serves to rehabilitate and protect public safety, the condition may 'impinge upon a constitutional

3

right otherwise enjoyed by the probationer, who is "not entitled to the same degree of constitutional protection as other citizens.'" [Citation.]" (*People v. O'Neil* (2008) 165 Cal.App.4th 1351, 1355.)

However, judicial discretion in selecting the conditions of a defendant's probation "is not unlimited." (*Moran*, *supra*, 1 Cal.5th at p. 403.) "'[A] condition of probation must serve a purpose specified in the statute,' and conditions regulating noncriminal conduct must be '"reasonably related to the crime of which the defendant was convicted or to future criminality.""'" (*Ibid.*) A condition of probation may be challenged on state-law grounds pursuant to the standards set forth in *People v. Lent* (1975) 15 Cal.3d 481, 486 (*Lent*). Under *Lent*, a condition of probation is invalid if it imposes a term or condition that "'(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality.'" (*Moran*, at p. 403; accord, *People v. Olguin* (2008) 45 Cal.4th 375, 379-380 (*Olguin*).) "This test is conjunctive—all three prongs must be satisfied before a reviewing court will invalidate a . . . term. [Citations.] As such, even if a condition of probation has no relationship to the crime of which a defendant was convicted and involves conduct that is not itself criminal, the condition is valid as long as the condition is reasonably related to preventing future criminality." (*Olguin*, at pp. 379-380.) A trial court's application of the *Lent* test is reviewed for abuse of discretion. (*Olguin*, at p. 379.)

A condition of probation may also be challenged on constitutional grounds, including principles prohibiting vagueness and overbreadth. "A probation condition 'must be sufficiently precise for the probationer to know what is required of him [or her], and for the court to determine whether the condition has been violated,' if it is to withstand a challenge on the ground of vagueness. [Citation.] A probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad." (*In re Sheena K.* (2007) 40 Cal.4th 875, 890 (*Sheena K.*).) When a condition of probation is challenged on constitutional grounds as facially invalid, a pure question of law arises, to which we apply a de novo standard of review. (*Id*. at pp. 888-889; *People v. Arevalo* (2018) 19 Cal.App.5th 652, 656.)

Challenges to conditions of probation ordinarily must be raised in the trial court, and if they are not, appellate review of those conditions is forfeited. (*People v. Welch* (1993) 5 Cal.4th 228, 234-235.) The one exception to this rule involves facial constitutional challenges. (*Sheena K.*, *supra*, 40 Cal.4th at pp. 887-889.) The forfeiture rule does not apply in such a case because a facial constitutional challenge "'present[s] [a] "pure question[ ] of law that can be resolved without reference to the particular sentencing record developed in the trial court""" (*id*. at p. 889) and "does not require scrutiny of individual facts and circumstances but instead requires the review of abstract and generalized legal concepts—a task that is well suited to the role of an appellate court." (*Id*. at p. 885.)

Defendant raised no objection in the trial court with respect to the challenged condition. Nevertheless, to the extent defendant raises a facial challenge to the constitutional validity of the challenged probation condition, the claim is not forfeited by defendant's failure to raise it below, and we will reach the merits of defendant's claim. (*Sheena K.*, *supra*, 40 Cal.4th at pp. 888-889.) We, however, focus solely on the constitutionality of the challenged conditions, not whether they are reasonable as applied to defendant. (See *Lent*, *supra*, 15 Cal.3d at p. 486.) Thus, by failing to object below, defendant has forfeited all claims except a challenge "based on the ground the condition is vague or overbroad and thus facially unconstitutional." (*Sheena K.*, at p. 878.)

Relying on *People v. Relkin* (2016) 6 Cal.App.5th 1188 (*Relkin*), defendant contends that the portion of the police-contact condition requiring that she report any "contact" with law enforcement is unconstitutionally vague. The court in *Relkin* considered a probation condition that required the defendant "to 'report to the probation officer, no later than the next working day, any arrests or any contacts with or incidents involving any peace officer.'" (*Relkin*, at p. 1196.) The court concluded that "the portion of the condition requiring that defendant report 'any contacts with . . . any peace officer'" was vague because it "does indeed leave one to guess what sorts of events and interactions qualify as reportable." (*Id*. at p. 1197.) The court disagreed "with the People's argument that the condition is clearly not triggered when defendant says 'hello' to a police officer or attends an event at which police officers are present, but would be triggered if defendant were interviewed as a witness to a crime or if his 'lifestyle were

such that he is present when criminal activity occurs.'" (*Ibid*.) The court explained "[t]he language does not delineate between such occurrences and thus casts an excessively broad net over what would otherwise be activity not worthy of reporting." (*Ibid*.) Accordingly, the *Relkin* court remanded the case to the trial court with directions to modify the condition to more clearly inform the defendant of what contacts must be reported. (*Ibid*.)

The People contend that defendant's "probation condition does not require him to report 'any contacts' with 'any peace officer' but rather was more narrowly tailored to report 'law enforcement contacts.'" The People also claim that "[u]nlike 'any contact,' tethering law enforcement with contacts as occurred here would be reasonably understood to relate to contact with law enforcement acting in official capacity, either as a witness or a suspect as opposed [to] casual, random encounters with officers, such as exchanging of pleasantries."

We disagree. Here, the condition imposed on defendant suffers from the defect identified in *Relkin*: by requiring that defendant report any contact with law enforcement, it does not differentiate between casual contact unrelated to any criminality, or even suspicion of criminality, and contact which might warrant some further investigation by a probation officer. We therefore remand with directions to the trial court to further define and limit the types of contacts with law enforcement that defendant must report to his probation officer. (See *Relkin*, *supra*, 6 Cal.App.5th at p. 1197.)

In her reply brief, defendant disagrees with the People's assertion that "if this court should find the condition unconstitutionally vague the proper remedy is to remand the matter to the trial court with directions to modify the condition" because the People offered "no suggestions as to how the trial court shall narrow the term to specify which contacts trigger the reporting requirement, and [she] doubts how any court could make clear about what events qualify as reportable under these circumstances." Defendant therefore believes the appropriate remedy is to "strike the term entirely." We disagree.

Recently, in *People v. Brand* (2021) 59 Cal.App.5th 861 (*Brand*), our colleagues in Division One of this court considered and rejected a challenge, based on both vagueness and overbreadth, to a police-contact reporting condition. That condition stated the defendant shall "'[p]rovide true name, address, and date of birth if contacted by law enforcement. Report contact or arrest in writing to the [probation officer] within 7 days. Include the date of contact/arrest, charges, if any, and the name of the law enforcement agency.'" (*Id*. at p. 870.)

The court in *Brand* explained: "Taking the first and second sentences together, a reasonably objective person would conclude that [the defendant] is required to report only those contacts in which a law enforcement officer requests identifying information from [the defendant]. This meaning arises because the requirement that [the defendant] '[r]eport contact or arrest in writing to the [probation officer] within 7 days' directly follows the statement that [the defendant] must '[p]rovide true name, address, and date of birth if contacted by law enforcement.' When read together, these two sentences make

8

clear to a reasonable reader that the law enforcement contact that [the defendant] must report is any contact in which [the defendant] is required to provide his name, address, and date of birth to law enforcement. Further, because the last sentence of the report-contact condition provides that [the defendant] must '[i]nclude the date of contact/arrest, charges, if any, and the name of the law enforcement agency,' a reasonable person would understand that [the defendant] does not have to report contact with a law enforcement officer that is not meaningful enough for the officer to provide [the defendant] with information about the relevant law enforcement agency." (*Brand*, *supra*, 59 Cal.App.5th at pp. 870-871.)

In sum, the *Brand* court noted, the police-contact reporting condition, "when read in its entirety, would indicate to a reasonable person that [the defendant] is not required to report casual, random interactions with law enforcement officers. Instead, the type of law enforcement contacts that must be reported are those in which [the defendant] is questioned by law enforcement officers and is required to give identifying information, such as when he [or she] has been a witness to a crime or is suspected of possible involvement in a crime." (*Brand*, *supra*, 59 Cal.App.5th at p. 871.) The court therefore rejected the defendant's contention that the police-contact reporting condition was unconstitutionally vague and overbroad. (*Ibid.*)

Based on *Brand*, we reject defendant's claim that doubt exists in "how any court could make clear about what events qualify as reportable," and that the proper remedy is to strike the police-contact reporting condition. *Brand* shows that the condition could be

9

modified so that it is not unconstitutionally vague.  Accordingly, we will remand with directions that the police-contact reporting condition be expressly modified to give defendant unambiguous guidance.

IV

DISPOSITION

We remand to the trial court to modify the police-contact reporting condition consistent with this opinion to further define and limit the types of police contacts that defendant must report to her probation officer.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON

J.

We concur:

McKINSTER

Acting P. J.

FIELDS

J.

10