[No. A117078. First Dist., Div. Three. Aug. 13, 2008.]

THE PEOPLE, Plaintiff and Respondent, v.
RYAN ANTHONY O'NEIL, Defendant and Appellant.

COUNSEL

Kathryn Seligman, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Laurence K. Sullivan and Rene A. Chacon, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**POLLAK, J.**—Defendant Ryan Anthony O'Neil, convicted on a plea of guilty to the possession for sale of illegal narcotics, challenges the validity of a condition of his probation forbidding him from associating with persons designated by his probation officer. We agree that as stated the condition is too broad, but the defect can be corrected by the inclusion of more precise language.

### Factual and Procedural Background

Defendant was charged by information with four felony counts: possession of psilocybin mushrooms for sale (Health & Saf. Code, § 11378), possession of LSD for sale (*ibid.*), transportation of psilocybin mushrooms (Health & Saf. Code, § 11379), and transportation of LSD (*ibid.*). Pursuant to a negotiated disposition, he pled guilty to the first two counts and the remaining counts were dismissed. The trial court suspended imposition of sentence and placed defendant on probation for three years subject to a number of conditions, including time in county jail.

One of the conditions, recommended by the probation officer and included in the terms of probation over defendant's objection, condition No. 13, reads as follows: "You shall not associate socially, nor be present at any time, at any place, public or private, with any person, as designated by your probation officer." The probation officer advised the court that the provision is a

"standard" term of probation in Mendocino County. Defendant agreed to the terms of probation[1] but filed a timely notice of appeal challenging the validity of the condition.[2]

## Discussion

■ Penal Code[3] section 1203.1, subdivision (j) gives a trial court the authority to impose reasonable conditions of probation "as it may determine are fitting and proper to the end that justice may be done, that amends may be made to society for the breach of the law, for any injury done to any person resulting from that breach, and generally and specifically for the reformation and rehabilitation of the probationer." "Trial courts have broad discretion to set conditions of probation in order to 'foster rehabilitation and to protect public safety pursuant to . . . section 1203.1.' " (*People v. Lopez* (1998) 66 Cal.App.4th 615, 624 [78 Cal.Rptr.2d 66], quoting *People v. Carbajal* (1995) 10 Cal.4th 1114, 1120 [43 Cal.Rptr.2d 681, 899 P.2d 67].) If a probation condition serves to rehabilitate and protect public safety, the condition may "impinge upon a constitutional right otherwise enjoyed by the probationer, who is 'not entitled to the same degree of constitutional protection as other citizens.' " (*People v. Lopez*, at p. 624.)

■ The court's discretion, however, is not unlimited. A probation condition is unreasonable if it "(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality." (*People v. Dominguez* (1967) 256 Cal.App.2d 623, 627 [64 Cal.Rptr. 290].) But " 'a condition of probation which requires or forbids conduct which is not itself criminal is valid if that conduct is reasonably related to the crime of which the defendant was convicted or to future criminality.' " (*People v. Phillips* (1985) 168 Cal.App.3d 642, 646 [214 Cal.Rptr. 417].) " 'As with any exercise of discretion, the sentencing court violates this standard when its determination ·is arbitrary or capricious or

---

[1] Defendant's ultimate acceptance of the conditions of probation does not preclude him from challenging them on appeal: " '[I]t is established that if a defendant accepts probation, he may seek relief from the restraint of an allegedly invalid condition of probation on appeal from the order granting probation.' " (*People v. Penoli* (1996) 46 Cal.App.4th 298, 302, fn. 2 [53 Cal.Rptr.2d 825].)

[2] Defendant's notice of appeal indicates that defendant is also appealing from the denial of his motion to suppress evidence. Although defendant's opening brief recites the facts of defendant's arrest and the seizure of evidence, and refers to the denial of a motion to suppress, the brief makes no argument that the denial of the suppression motion was erroneous. Hence, we deem the issue waived. " 'Where a point is merely asserted by counsel without any argument of or authority for its proposition, it is deemed to be without foundation and requires no discussion.' " (*People v. Callegri* (1984) 154 Cal.App.3d 856, 865 [202 Cal.Rptr. 109].)

[3] Unless otherwise indicated, all references are to the Penal Code.

" 'exceeds the bounds of reason, all of the circumstances being considered.' " ' " (*People v. Garcia* (1993) 19 Cal.App.4th 97, 101 [23 Cal.Rptr.2d 340].)

Judicial discretion to set conditions of probation is further circumscribed by constitutional considerations. (*People v. Hackler* (1993) 13 Cal.App.4th 1049, 1058 [16 Cal.Rptr.2d 681].) "The *Dominguez/Lent* test of the validity of a condition of probation may be supplemented by a second level of scrutiny: where an otherwise valid condition of probation impinges on constitutional rights, such conditions must be carefully tailored, ' "reasonably related to the compelling state interest in reformation and rehabilitation . . . ." ' " (*People v. Bauer* (1989) 211 Cal.App.3d 937, 942 [260 Cal.Rptr. 62].)

Defendant argues that condition No. 13 is unreasonable because the restriction on lawful association is not related to his drug possession crimes or to the prevention of future criminality. He also argues that the condition is overbroad and infringes on his First Amendment right to freedom of association, and is vague and thus violative of his right to due process.

■ "The right to associate . . . 'may be restricted if reasonably necessary to accomplish the essential needs of the state and public order.' [Citations.] Such restrictions are ' "part of the nature of the criminal process. [Citation.]" ' [Citation.] A limitation on the right to associate which takes the form of a probation condition is permissible if it is '(1) primarily designed to meet the ends of rehabilitation and protection of the public and (2) reasonably related to such ends.' " (*People v. Lopez, supra*, 66 Cal.App.4th at pp. 627–628.) In *Lopez*, the probationer was prohibited from associating with any person known to the defendant to be a gang member. In *People v. Garcia, supra*, 19 Cal.App.4th at page 103, a probation condition was modified to provide that the defendant not associate with persons he knows to be users or sellers of narcotics, felons or ex-felons. In *People v. Robinson* (1988) 199 Cal.App.3d 816, 818 [245 Cal.Rptr. 50], the terms of probation prohibited the defendant from associating with persons with a known criminal record. "Where a defendant is convicted of drug possession and admits drug use, a condition of probation that the defendant not associate with other admitted and suspected users is valid." (*People v. Peck* (1996) 52 Cal.App.4th 351, 363 [61 Cal.Rptr.2d 1].) In *Peck*, the court upheld a probation condition that the defendant not associate with known possessors, users, or traffickers of controlled substances who were unrelated to him. (*Id.* at p. 364.) A probation condition prohibiting the defendant from associating with reputed drug users has been upheld even where the defendant's husband was a presumed drug user. (*In re Peeler* (1968) 266 Cal.App.2d 483, 492–493 [72 Cal.Rptr. 254].) These probation conditions are narrowly tailored to the state's interest in preventing distribution of controlled substances. (*Peck*, at p. 364.)

Thus, a properly drawn condition prohibiting defendant from associating with known drug users would be entirely reasonable in this case. Defendant pled guilty to two charges of possessing illegal drugs for the purpose of sale. He admitted that he bought the drugs for the purpose of sale and had recently sold and bartered drugs at a rave party. Such a condition unquestionably would be related to the offenses defendant committed and designed to prevent future criminal acts.

Nonetheless, there are two respects in which condition No. 13 is over-broad. Initially, the requirement that defendant not be present with persons designated by the probation officer is not limited to those defendant knows have been so designated. While such a limitation might be considered implicit, such a factor "should not be left to implication." (*People v. Garcia, supra,* 19 Cal.App.4th at p. 102.) In *Garcia,* the Court of Appeal held that "[a] condition of probation that prohibits appellant from associating with persons who, unbeknownst to him, have criminal records or use narcotics, is ' "overbroad [and therefore] is not reasonably related to a compelling state interest in reformation and rehabilitation and is an unconstitutional restriction on the exercise of fundamental constitutional rights." ' " (*Ibid.*; see also *People v. Hackler, supra,* 13 Cal.App.4th at p. 1058.) Because of "the rule that probation conditions that implicate constitutional rights must be narrowly drawn, and the importance of constitutional rights" (*Garcia,* at p. 102), the Court of Appeal modified the condition to provide that the probationer was "not to associate with persons *he knows* to be users or sellers of narcotics, felons or ex-felons" (*id.* at p. 103, italics added; see also *People v. Lopez, supra,* 66 Cal.App.4th at pp. 628–629). Here, the Attorney General suggests that condition No. 13 be modified to read: "You shall not associate socially, nor be present at any time, at any place, public or private, with any person known to [you] to be disapproved by [your] probation officer."

There is, however, a larger problem in the wording of the condition. As written, there are no limits on those persons whom the probation officer may prohibit defendant from associating with. The Attorney General does not suggest that a universal prohibition would be defensible, but argues that "the challenged condition anticipates that the probation office will tailor the directive to meet [defendant]'s individual needs." Because the record does not include the probation officer's directives, the Attorney General states, "[t]here is no way of knowing how narrowly the prohibition is tailored in this case." That is precisely the problem. The court's order does not identify the class of persons with whom defendant may not associate nor does it provide any guideline as to those with whom the probation department may forbid

association. Without a meaningful standard, the order is too broad and it is not saved by permitting the probation department to provide the necessary specificity.[4]

■ The court's analysis in *Bauer* is instructive. There, the reviewing court struck down a probation condition requiring the defendant to obtain his probation officer's approval of his place of residence. The court reasoned as follows: "The condition is all the more disturbing because it impinges on constitutional entitlements—the right to travel and freedom of association. Rather than being narrowly tailored to interfere as little as possible with these important rights, the restriction is extremely broad. The condition gives the probation officer the discretionary power, for example, to forbid appellant from living with or near his parents—that is, the power to banish him. It has frequently been held that a sentencing court does not have this power." (*People v. Bauer, supra,* 211 Cal.App.3d at pp. 944–945.) Although probation officers may be given "wide discretion to enforce court-ordered conditions" (*In re Pedro Q.* (1989) 209 Cal.App.3d 1368, 1373 [257 Cal.Rptr. 821]), they may not create conditions not expressly authorized by the court (*id.* at pp. 1372–1373). ■ Here, although the court authorized the probation officer to designate those with whom defendant could not associate, it did not in any way define the class of persons who could be so designated. While the court may well have anticipated that the probation officer would specify individuals known to be using or dealing in illicit drugs, as in *People v. Garcia, supra,* 19 Cal.App.4th at page 102, "this factor should not be left to implication." (Compare *People v. Lopez, supra,* 66 Cal.App.4th at p. 625 with *In re Moriah T.* (1994) 23 Cal.App.4th 1367, 1374 [28 Cal.Rptr.2d 705].)

Like the probation condition in *Bauer*, the condition imposed here is unlimited and would allow the probation officer to banish defendant by forbidding contact with his family and close friends, even though such a prohibition may have no relationship to the state's interest in reforming and rehabilitating defendant. The trial court could not impose such a restriction and it may not authorize the probation department to do so. As expressed in condition No. 13, the condition is overbroad and permits an unconstitutional infringement on defendant's right of association.

■ There are many understandable considerations of efficiency and practicality that make it reasonable to leave to the probation department the amplification and refinement of a stay-away order. The court may leave to the discretion of the probation officer the specification of the many details that

---

[4] We deal here solely with the conditions of adult probation. Conditions of juvenile probation may confer broader authority on the juvenile probation officer than is true in the case of adults (*In re Byron B.* (2004) 119 Cal.App.4th 1013, 1016 [14 Cal.Rptr.3d 805]; *In re Frank V.* (1991) 233 Cal.App.3d 1232, 1242 [285 Cal.Rptr. 16]).

invariably are necessary to implement the terms of probation. However, the court's order cannot be entirely open-ended. It is for the court to determine the nature of the prohibition placed on a defendant as a condition of probation, and the class of people with whom the defendant is directed to have no association. Since the condition in this case contains no such standard by which the probation department is to be guided, the condition is too broad and must either be stricken or rewritten to provide the necessary specificity.

## Disposition

The matter is remanded to the trial court with directions either to strike condition No. 13 from the conditions of defendant's probation or to revise the condition in conformity with this opinion. In all other respects the judgment is affirmed.

McGuiness, P. J., and Jenkins, J., concurred.