Filed 1/15/14  In re R.M. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re R.M., a Person Coming Under the Juvenile Court Law.<br><br>THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>R.M.,<br><br>     Defendant and Appellant. | E057958<br><br>(Super.Ct.No. INJ1200407)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Lawrence P. Best, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed as modified.

Sarita Ordonez, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Steve Oetting and Sean M. Rodriquez, Deputy Attorneys General, for Plaintiff and Respondent.

1

The Riverside County District Attorney filed an amended Welfare and Institutions Code[1] section 602 petition alleging that defendant and appellant R.M. (minor) falsely represented and identified himself as another person to a police officer while being detained and arrested. (Pen. Code, § 148.9.) A juvenile court found the allegation true and placed minor on probation for six months, in the custody of his parents, pursuant to section 725, subdivision (a).

On appeal, minor contends that one of his probation conditions imposed must be either stricken or modified. We will modify the contested probation condition, but otherwise affirm the judgment.

FACTUAL BACKGROUND

On June 11, 2012, at approximately 12:14 a.m., Officer Christopher Piscatella conducted a traffic stop on a white Mitsubishi van. There were seven juveniles in the van, including minor. There were no adults. The minors were out past the city curfew, which was 10:00 p.m. on weekdays.

Officer Piscatella asked minor his name and date of birth. Minor said he was born on November 30, 1998. Officer Piscatella ran a "records check," and then took minor into custody. Minor's date of birth is November 30, 2000.

---

[1] All further statutory references will be to the Welfare and Institutions Code, unless otherwise indicated.

2

ANALYSIS

The Juvenile Court Properly Imposed the Probation Condition at Issue

One of minor's probation conditions reads as follows: "Not have direct or indirect contact with anyone known to be disapproved by parent(s)/guardian(s)/Probation Officer/staff, except in placement." Minor contends that this probation condition (the probation condition) is overbroad and violates his constitutional right to freedom of association. He also argues that it is unconstitutionally vague since it does not specify that the knowledge requirement "must be held by [*him*]." (Italics added.) We conclude that the probation condition is not unconstitutional.

At the outset, we note that the juvenile court "has wide discretion to select appropriate conditions and may impose '"any reasonable condition that is 'fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced.'"' [Citations.]" (*In re Sheena K.* (2007) 40 Cal.4th 875, 889 (*Sheena K.*).) "'[T]he power of the juvenile court is even broader than that of a criminal court.' [Citation.]" (*In re Christopher M.* (2005) 127 Cal.App.4th 684, 692, overruled on other grounds in *People v. Gonzales* (2013) 56 Cal.4th 353, 375.) "The juvenile court's broad discretion to fashion appropriate conditions of probation is distinguishable from that exercised by an adult court when sentencing an adult offender to probation. Although the goal of both types of probation is the rehabilitation of the offender, '[j]uvenile probation is not, as with an adult, an act of leniency in lieu of statutory punishment; it is an ingredient of a final order for the minor's reformation and rehabilitation.' [Citation] . . .

3

[¶] In light of this difference, a condition of probation that would be unconstitutional or otherwise improper for an adult probationer may be permissible for a minor under the supervision of the juvenile court. [Citations.]" (*In re Tyrell J.* (1994) 8 Cal.4th 68, 81-82 (*Tyrell J.*), overruled on other grounds in *In re Jaime P*. (2006) 40 Cal.4th 128, 130.) "The juvenile court's exercise of discretion in establishing conditions of probation in juvenile cases 'will not be disturbed in the absence of manifest abuse.' [Citation.]" (*In re Christopher M.*, at p. 692.)

Minor argues that the probation condition is overbroad, since it is not limited to any class of persons, and it violates his right to freedom of association. He specifically asserts that the probation condition "does not pass muster" under *People v. O'Neil* (2008) 165 Cal.App.4th 1351 (*O'Neil*). We disagree.

In *O'Neil*, the probation condition at issue stated: "'You shall not associate socially, nor be present at any time, at any place, public or private, with any person, as designated by your probation officer.'" (*O'Neil*, *supra*, 165 Cal.App.4th at p. 1354.) The reviewing court observed that, "[a]s written, there are no limits on those persons whom the probation officer may prohibit defendant from associating with." (*Id.* at p. 1357.) It noted that the condition failed to "identify the class of persons with whom defendant may not associate" or "provide any guideline as to those with whom the probation department may forbid association." (*Id.* at pp. 1357-1358.) The *O'Neil* court concluded that, "[w]ithout a meaningful standard, the order is too broad . . . ." (*Id.* at p. 1358.)

*O'Neil* is not dispositive, as it is distinguishable from the instant case. *O'Neil* concerned a probation condition giving a probation officer, not a parent or guardian, broad discretion in determining the persons with whom the probationer could associate. It also involved an adult offender, not a juvenile, which was a distinction specifically noted by the *O'Neil* court. (*O'Neil, supra*, 165 Cal.App.4th at p. 1358, fn. 4.) As stated *ante*, "'[a] condition of probation which is impermissible for an adult criminal defendant is not necessarily unreasonable for a juvenile receiving guidance and supervision from the juvenile court.' [Citations.]" (*In re Frank V.* (1991) 233 Cal.App.3d 1232, 1242 (*Frank V.*).)

Furthermore, courts have upheld probation conditions that are virtually identical to the one at issue in the present case. In *Frank V.*, *supra*, 233 Cal.App.3d 1232, the juvenile court imposed a probation condition that prohibited the minor from associating with anyone disapproved of by his probation officer. (*Id*. at p. 1237.) The minor challenged this condition as overbroad and as an infringement on his right of association. (*Id.* at p. 1241.) In explaining the condition to the minor, the juvenile court told him that, if his mother, father, or probation officer instructed him to not "hang around" with certain persons, then he could not associate with such persons. (*Ibid.*) The appellate court, recognizing that a juvenile court acts in *parens patriae*, upheld the probation condition. It stated that "[t]he juvenile court could not reasonably be expected to define with precision all classes of persons which might influence [the minor] to commit further bad

acts. It may instead rely on the discretion of his parents, and the probation department acting as parent, to promote and nurture his rehabilitation." (*Id.* at p. 1243.)

Similarly, in *In re Byron B.* (2004) 119 Cal.App.4th 1013 [Fourth Dist., Div. Two], this court rejected the minor's challenge to a probation condition prohibiting contact with any person disapproved by a parent or probation officer. We held that the condition was not overly broad. (*Id*. at pp. 1015, 1017.) We concluded that "[t]he juvenile court, acting in *parens patriae*, could limit appellant's right of association in ways that it arguably could not limit an adult's." (*Id.* at p. 1018.)

We conclude that minor's claim that the probation condition is unconstitutionally broad under *O'Neil*, *supra*, 165 Cal.App.4th 1351 is meritless.

As to minor's claim that the probation condition is unconstitutionally vague, he concedes that it includes a knowledge requirement. However, he points out that it does not specify that *he* must be the one who holds that knowledge. The People assert that minor's claim is baseless since the probation condition is one of *his* conditions and accordingly applies to him alone.

In *Sheena K.*, *supra*, 40 Cal.4th 875, the California Supreme Court held that a juvenile court may not prohibit a minor's association with persons disapproved of by a probation officer, unless the minor has knowledge of the persons disapproved of by the authorities. (*Id*. at p. 891.) The Supreme Court apparently approved of such probation condition, as long as it contained a simple knowledge requirement. (*Id*. at p. 892.) The Court specifically suggested that "form probation orders be modified so that such a

6

restriction explicitly directs the probationer not to associate with anyone 'known to be disapproved of' by a probation officer or other person having authority over the minor." (*Ibid*.)  This wording is essentially the same as the wording contained in the probation condition in the instant case.  We note that the Supreme Court did not specify that the persons had to be "known *by the minor* to be disapproved."  However, while we agree with the People that the probation condition here applies to minor alone, we also observe that several of his other conditions explicitly state that the knowledge must be held by him (e.g., "Not associate with anyone *known to the minor* to be in possession of, sells, or uses any controlled substances . . . .")  Thus, in the interest of consistency and clarity, we will modify the probation condition to include that the persons minor is prohibited from contacting must be known by him to be disapproved.

DISPOSITION

The probation condition at issue is modified to read:  "Not have direct or indirect contact with anyone minor knows to be disapproved by parent(s)/guardian(s)/Probation Officer/staff, except in placement."  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
J.

We concur:

RAMIREZ
P. J.

McKINSTER
J.

7