Filed 5/15/15  P. v. Gaff CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C075818 |
| Plaintiff and Respondent, | (Super. Ct. No. 13F04227) |
| v. | |
| GARTH GAFF, | |
| Defendant and Appellant. | |

Defendant Garth Gaff pleaded no contest to assault with a deadly weapon.  (Pen. Code, § 245, subd. (a)(1).)[1]  Imposition of sentence was suspended and defendant was placed on probation for five years on the condition, among others, that he serve 210 days' incarceration with credit for 81 days.

Thereafter, defendant admitted two separate probation violations for failing to obey all laws and his probation was reinstated each time.  In connection with the second

_____

[1]  Undesignated statutory references are to the Penal Code in effect at the time of the charged offenses.

1

violation, which involved a shoplifting from a Raley's supermarket, the court ordered defendant to "stay away from Raley's."

On appeal, defendant contends the "stay away from Raley's" condition must be stricken because it is (1) unconstitutionally overbroad, and (2) impermissibly vague.

We affirm.

## PROCEDURAL AND FACTUAL BACKGROUND[2]

In November 2013, defendant admitted an allegation that he had violated his probation by failing to obey all laws by violating section 148, resisting or delaying a peace officer. Probation was reinstated on the original terms and conditions and defendant was also ordered to serve 90 days' incarceration with credit for 15 days.

In February 2014, defendant admitted an allegation that he had violated his probation by committing petty theft with a prior theft-related conviction. (§ 666.) The theft took place at Raley's supermarket at 8391 Folsom Boulevard in Sacramento. Probation was again reinstated on the original terms and conditions. Defendant was also ordered to serve 150 days' incarceration with credit for four days. The prosecutor asked the court to order that defendant "stay away from Raley's stores," and the trial court said it would issue the order. Defense counsel stated he "wouldn't object" to an order to stay away from the Raley's store where the probation violation occurred, but counsel objected "to a condition of him staying away from all Raley's." Counsel did not state a basis for the objection. The prosecutor responded that the requested probation condition was not "over broad in anyway [*sic*]," and the trial court voiced its agreement. The prosecutor added: "I think he is a thief, and he has abused his rights by stealing from Raley's. And it is a reasonable condition of probation, and *Raley's doesn't want him in their stores*." (Italics added.) Defense counsel responded, "[u]nder that logic we should prohibit him

---

[2] The facts of defendant's original offense are not at issue and need not be set forth in this opinion.

from going to all stores of all time, ever." In response, the court noted that "Raley's is a victim." When defense counsel conceded that "that particular Raley's is a victim," the court said, "I mean the corporation is the victim, is it not?" Defense counsel objected but provided no further argument. The trial court imposed the disputed probation condition -- "stay away from Raley's."[3] Defendant accepted the terms of probation.

## DISCUSSION

Defendant contends the probation condition requiring him to stay away from all Raley's stores is unconstitutionally overbroad because it does not "closely relate to rehabilitating [him] from taking merchandise without payment." He claims the condition barring him from "entering all Raley's stores on legitimate business cannot pass constitutional muster" and " ' "provision should be made to allow for lawful travel through the area of restriction and for access to the area for legitimate purposes." ' " We disagree.

### I. The Trial Court's Discretion in Imposing Conditions of Probation

The objectives of probation are to ensure public safety by court ordered conditions and to promote rehabilitation. (*People v. Olguin* (2008) 45 Cal.4th 375, 379 (*Olguin*).) Public safety through the enforcement of court enforced conditions is a "primary goal." (§ 1202.7; *Olguin*, at p. 379; *People v. Minor* (2010) 189 Cal.App.4th 1, 10.)

"Trial courts have broad discretion to set conditions of probation in order to 'foster rehabilitation and to protect public safety pursuant to Penal Code section 1203.1.' [Citations.] . . . [¶] However, the trial court's discretion in setting the conditions of probation is not unbounded." (*People v. Lopez* (1998) 66 Cal.App.4th 615, 624.) A term of probation is invalid if it "(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality." (*People v. Lent* (1975)

---

[3] The clerk's minutes indicate "S/A: All Raley's Supermarkets."

3

15 Cal.3d 481, 486 (*Lent*).) "This test is conjunctive—all three prongs must be satisfied before a reviewing court will invalidate a probation term." (*Olguin*, *supra*, 45 Cal.4th at p. 379; *Lent*, at p. 486, fn. 1.) Accordingly, a probation condition that regulates conduct that is not itself criminal is valid if that conduct is reasonably related to the crime of which the defendant was convicted or deters future criminality. (*Olguin*, at pp. 379-380; *Lent*, at p. 486.) Such is the case here.

The stay away order banning defendant from all Raley's stores is within the scope of the trial court's discretion because, although entering Raley's is not itself criminal, the order has a direct relationship to defendant's second probation violation that involved a theft from Raley's. The condition deters future criminality in the form of theft from the same or other Raley's, protects Raley's -- a corporate member of the public -- from defendant's criminal conduct and obviates Raley's need to expend resources to monitor defendant when he visits their stores to ensure they are not again victimized by defendant. Because defendant has not satisfied all three prongs of the conjunctive *Lent* test, he has not shown that the probation condition was an abuse of the trial court's discretion.

## II. Overbreadth

Defendant contends the probation condition is constitutionally overbroad. "If a probation condition serves to rehabilitate and protect public safety, the condition may 'impinge upon a constitutional right otherwise enjoyed by the probationer, who is "not entitled to the same degree of constitutional protection as other citizens." ' [Citation.]" (*People v. O'Neil* (2008) 165 Cal.App.4th 1351, 1355 (*O'Neil*).) However, "where an otherwise valid condition of probation impinges on constitutional rights, such conditions must be carefully tailored, ' "reasonably related to the compelling state interest in reformation and rehabilitation . . . ." ' [Citations.]" (*People v. Bauer* (1989) 211 Cal.App.3d 937, 942.)

4

Defendant contends the probation condition must be stricken because its purported overbreadth violates his right to travel. He relies on *People v. Perez* (2009) 176 Cal.App.4th 380), which involved the constitutional right of access to courthouses. (*Id.* at p. 385.) His reliance is misplaced because the constitutional right to access public courthouses for legitimate purposes does not entitle him to enter commercial private property against the will of the owner that had been victimized by defendant's recent criminal conduct. Indeed, defendant has not cited any authority that provides him with the constitutional right to visit a store where he is not wanted because of prior shoplifting activity.

But even assuming defendant has a constitutional right to visit Raley's supermarkets, the probation condition is narrowly tailored to serve the compelling state interest of protecting public safety -- Raley's being a member of the public. And as we have noted, if a probation condition serves to protect public safety, the condition may " 'impinge upon a constitutional right otherwise enjoyed by the probationer, who is "not entitled to the same degree of constitutional protection as other citizens." ' " (*O'Neil*, *supra*, 165 Cal.App.4th at p. 1355.)

Defendant contends that barring him from all Raley's stores "is akin to an order directing a defendant to stay away from all persons with blue eyes because he assaulted a man with blue eyes." Defendant's analogy is preposterous. In our view, the order here is akin to an order directing the defendant to stay away from the victim, wherever the victim may be located.

Defendant also claims the probation condition "casts too wide a net, and thus fails the requirement that it be narrowly tailored," because, "although it might relate to avoiding recurrences of [defendant's] criminal conduct at a Raley's store, it does not prevent him from engaging in criminal conduct elsewhere." This argument stands the overbreadth doctrine on its head because it claims the probation condition sweeps too narrowly, not too broadly, to prevent defendant from reoffending. In any event, the court

5

was presented with information about Raley's not wanting defendant to visit their stores; consequently, it was reasonable to tailor the probation condition to prohibit defendant from visiting Raley's supermarkets and not all places where one might shop (or shoplift).

### III.  Vagueness

A probation condition that is void for "vagueness" is one that does not give fair warning of the prohibited conduct or guide those enforcing the condition in determining whether the condition has been violated.  (*In re Sheena K*. (2007) 40 Cal.4th 875, 890.) The vagueness doctrine bars enforcement of a condition with " ' "terms so vague that [a person] of common intelligence must necessarily guess at its meaning and differ as to its application." ' " (*Ibid*.)  Defendant contends the probation condition is vague because it does not put him on notice as to what is required of him or guide the court in determining whether the condition has been violated.[4]

Defendant claims the probation condition is "unclear" as to whether it includes "all stores owned by Raley's or only those stores which were named Raley's."  He argues "[t]here is nothing in the record to suggest that the trial court or anyone knew that Raley's even owned stores with different names."  While the trial court could have validly ordered defendant to stay away from all stores owned by Raley's or all stores owned by the corporate entity that owns Raley's, that is not what the court did.  The court orally ordered defendant to "stay away from Raley's."  The written order told defendant to stay away from "All Raley's Supermarkets."  We read this order to mean defendant is to stay away from all stores named Raley's.  In other words, if the signage on the store says,

---

[4]  The argument appears based in part on defendant's July 21, 2014, request for judicial notice of the various names and numbers of stores owned by Raley's.  This court denied the request for judicial notice on August 7, 2014.  Defendant's reply brief filed on September 15, 2014, does not mention our August 7, 2014, order or address its impact upon defendant's vagueness claim.

"Raley's" or includes the word "Raley's," defendant is prohibited from visiting that store. Read this way, the order is not at all vague.

## DISPOSITION

The judgment is affirmed.

                                                                  _____MURRAY_____, J.

We concur:

_____BLEASE_____, Acting P. J.

_____HULL_____, J.

7