Filed 2/20/24  In re A.R. CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re A.R., a Person Coming Under the Juvenile Court Law. | H051036 (Santa Clara County Super. Ct. No. 23JV45995A) |
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>A.R.,<br><br>　　　Defendant and Appellant. | |

Minor A.R. became a ward of the juvenile court for committing acts constituting second degree robbery (Pen. Code, § 211) and assault by means of force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4)), with enhancements for personal infliction of great bodily injury (Pen. Code, § 12022.7, subd. (a)).  The juvenile court granted A.R. probation subject to electronic monitoring and enumerated conditions. Upon our independent review of the record under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), the parties at our request addressed whether the condition requiring A.R. and his parents to "participate in a counseling or education program as determined by the Probation Officer" is an overbroad delegation of judicial authority.  Finding that it is, we

reverse and remand the matter to the juvenile court with directions to either strike or modify the condition.

## I.   BACKGROUND

### A.   *The Wardship Petition*

In March 2023, the Santa Clara County District Attorney filed a juvenile wardship petition under Welfare and Institutions Code section 602[1] alleging that A.R. came within the juvenile court's jurisdiction for committing second degree robbery (Pen. Code, § 211) and assault by means of force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4)).  As to both counts, it was alleged that A.R. personally inflicted great bodily injury (Pen. Code, § 12022.7, subd. (a)).

### B.   *The Offenses*

According to the evidence presented at the jurisdictional hearing, A.R. and two other minors walked into a Safeway store's liquor aisle.  The store's security guard, questioning whether they were old enough to be in the aisle, asked A.R. to leave the bottle he was holding.  A brawl ensued.  The security guard tried to pepper-spray A.R. and deploy his baton.  The minors took the baton and struck the security guard multiple times before fleeing.

### C.   *The Jurisdictional Finding and Disposition*

The juvenile court found true all allegations and enhancements, found the offenses to be felonies, and assumed jurisdiction over A.R. under section 602.

At the dispositional hearing, the juvenile court deemed A.R. a ward of the court but granted him probation and returned him to the custody of his parents, subject to 60 days of electronic monitoring and several conditions as recommended by the Santa Clara County Probation Department.  Of these, condition number 14 required "[t]hat said minor

---

[1] Unspecified statutory references are to the Welfare and Institutions Code.

and his parents participate in a counseling or education program as determined by the Probation Officer." Condition 15 required "[t]hat said minor and his parents be ordered to enroll in and complete a drug/alcohol counseling program as determined by the Probation Officer." Condition 6 required "[t]hat the minor attend school, vocational training, or maintain full-time employment if in compliance with the mandates of the California Education Code."

A.R. timely appealed, and his appointed counsel submitted a *Wende* brief.

## II. DISCUSSION

We requested supplemental briefing from the parties on whether condition number 14 is an unconstitutional delegation of judicial authority. The Attorney General does not defend the condition on its merits and argues only that A.R. forfeited any claim that condition 14 is constitutionally infirm by failing to raise the issue in the juvenile court. Because the breadth of the court's delegation represents a pure issue of law (see *In re Sheena K.* (2007) 40 Cal.4th 875 (*Sheena K.*)), we reach the merits of A.R.'s claim.

### A. *Forfeiture*

The Attorney General argues that *Sheena K.* merely affords us the *discretion* to consider A.R.'s forfeited claim and that there is no reason to do so here. But the Attorney General misreads *Sheena K.*, where the California Supreme Court found that the "defendant's constitutional challenge to her probation condition *was not forfeited* despite her failure to object" in the trial court on the ground that it was facially unconstitutional. (*Sheena K.*, *supra*, 40 Cal.4th at p. 879, italics added.) It was not as a matter of discretion that the court reached the merits of Sheena K.'s facial challenge: the court made explicit that its extension in *People v. Welch* (1993) 5 Cal.4th 228 of the forfeiture rule to claims that probation conditions are unreasonable did not apply "to a facial constitutional challenge made on the ground of vagueness and overbreadth." (*Sheena K.*, *supra*, at pp. 881–882, 885 fn. 5; cf. *id.* at p. 887, fn. 7 [noting the "general" rule that "forfeiture of a claim not raised in the trial court by a party has not precluded review of the claim by an

3

appellate court in the exercise of that court's discretion"].)  Although *Sheena K.* recognized that some constitutional challenges do not present pure questions of law without reference to the sentencing record (*id.* at p. 889), the breadth of the delegation here is a textual matter that, like a vagueness or overbreadth challenge, requires no resolution of the specifics of A.R.'s circumstances.  Thus, although A.R. did not object to any of the probation conditions at sentencing, a claim that a probation condition is an unconstitutional delegation of judicial authority is not forfeited by his failure to object below.  (*Id.* at p. 887; *In re Shaun R.* (2010) 188 Cal.App.4th 1129, 1143)[2]

**B.**     ***Propriety of the Probation Condition***

Condition number 14 requires that A.R. and his parents "participate in a counseling or education program as determined by the Probation Officer."  Although the condition echoes in part the language of section 729.2, subdivision (b), we find it an overbroad delegation of judicial authority and reverse.

Section 729.2 mandates various conditions when the juvenile court grants probation, "except in any case in which the court makes a finding and states on the record its reasons that that condition would be inappropriate."  Without this finding, unless the minor is also a dependent of the court or subject to a pending dependency petition, the court must "[r]equire the parents or guardian . . . to participate with the minor in a counseling or education program, including, but not limited to, parent education and parenting programs operated by community colleges, school districts, or other appropriate agencies designated by the court or the probation department . . . ."  (§ 729.2, subd. (b).)  Based on the wording of condition 14, we infer that this condition, recommended by the probation department, was intended to ensure the juvenile court's compliance with section 729.2.  We do not, however, read section 729.2 as either

---

[2] Moreover, on *Wende* review, our role is to review the entire record to determine whether the appeal is frivolous or whether there are any arguable issues, "not merely accepting counsel's assessment of the case."  (*Wende*, *supra*, 25 Cal.3d. at p. 441.)

requiring or authorizing a condition that merely recites the text of subdivision (b)—without designating the type of counseling or education required—or that expressly delegates to the probation department authority to determine what counseling or education A.R. or his parents must submit to.

Section 729.2, subdivision (b) ensures that absent contrary findings, (1) the minor will participate in counseling or education the court deems appropriate; (2) the parents or guardians retaining custody or care of the minor will participate in those programs as needed; and (3) they may also have to participate in "parent education and parenting programs" to support the minor's rehabilitation.[3]  The juvenile court's authority to prescribe those programs (or to find them unnecessary) is broad.  (See § 730, subd. (b) ["court may impose and require any and all reasonable conditions that it may determine fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced"].)

But under section 729.2, subdivision (b), it is the juvenile court—not the probation department—on which the Legislature has imposed the duty to determine what type of counseling or education program would further a minor's rehabilitation.  And despite the juvenile court's inherently broad authority to impose conditions on a ward, "[u]nder the separation of powers doctrine (Cal. Const., art. III, § 3), judicial powers may not be delegated to nonjudicial officers.  [Citation.]  While the probation officer may properly specify the details necessary to effectuate the court's probation conditions, it is the court's duty to determine the nature of the requirements imposed on the probationer.  [Citation.]"

---

[3] When passing Senate Bill No. 1275 (1989–1990 Reg. Sess.), which enacted section 729.2, the Legislature stated that its purpose was in part to "mandate[] parental involvement, drug and alcohol counseling, structured probation programs monitored for compliance, and early judicial intervention with delinquent youths," and "to promote the positive development of juveniles by emphasizing the enforcement of school attendance laws and the establishment of special education and socialization programs designed for the individual needs of the minor."  (Stats. 1989, ch. 1117, § 1(b), p. 4113.)

(*People v. Smith* (2022) 79 Cal.App.5th 897, 902 (*Smith*).) "[T]he court's order cannot be entirely open-ended." (*People v. O'Neil* (2008) 165 Cal.App.4th 1351, 1359.)

The juvenile court here specifically ordered the minor and his parents participate in "drug/alcohol counseling" (condition 15) and that the minor "attend school, vocational training," or otherwise comply "with the mandates of the California Education Code" (condition 6). It went further, however, in imposing condition 14. Although section 729.2, subdivision (b) expressly allows delegation to the probation department of the authority to "designate[]" an "appropriate agenc[y]" for the type of counseling or education program the court has required, condition 14 delegates even the authority to decide the antecedent question of what counseling or education the minor or the parents need. But determining A.R.'s rehabilitative needs—what programs are " 'reasonably related to the crime of which the defendant was convicted or to future criminality' " (*In re Ricardo P.* (2019) 7 Cal.5th 1113, 1115) such that a failure to comply might forfeit his freedom from institutional custody—is fundamentally a judicial function. (*In re Pedro Q.* (1989) 209 Cal.App.3d 1368, 1372 ["The probation officer may recommend probation terms, but it is the court's responsibility to tailor the conditions specifically to each minor."].)

In distinguishing the duty to decide the counseling or education program needed from the authority to designate a provider for the court-ordered program in section 729.2, we follow long-established canons of statutory construction. We presume that the Legislature intended no violation of the separation of powers doctrine when delegating authority to designate a certain provider to a probation officer under section 729.2, subdivision (b), and thus did not authorize the probation department to unconstitutionally usurp judicial dispositional authority to delegate what *kind* of counseling or education the minor needs. (See, e.g., *Smith*, *supra*, 79 Cal.App.5th at p. 903 [deeming unconstitutional a probation condition "entrusting the decision whether to mandate residential treatment to the probation officer"]; *People v. Falsetta* (1999) 21 Cal.4th 903,

6

912–913 ["courts will presume a statute is constitutional unless its unconstitutionality clearly, positively, and unmistakably appears; all presumptions and intendments favor its validity"].) We also "understand a qualifying phrase to apply only to the word or phrase that immediately precedes it and not to other words or phrases that appear earlier in a list or series." (*Wilde v. City of Dunsmuir* (2020) 9 Cal.5th 1105, 1127 [applying "last antecedent rule" to the taxation exemption from referendum Cal. Const., art. II, § 9, subd. (a)].) Here, "designated by . . . the probation department" modifies "agenc[y]" and not "program." (§ 729.2, subd. (b).)

Moreover, even if we were to read condition 14 to be effectively narrowed by the other conditions of probation mandating counseling programs and A.R.'s school attendance, condition 14 would be at best redundant. And because the record is unclear whether the juvenile court intended condition 14 to serve a discrete purpose under section 729.2 beyond conditions 15 or 6, we find remand is appropriate so that the juvenile court may in the first instance determine whether to strike or modify the condition to specify the type of counseling or education required.

### III.   DISPOSITION

The dispositional order is reversed and the matter is remanded with directions for the juvenile court to either strike condition number 14 or modify it to specify what type of counseling or education program the court intends minor and his parents to attend.

7

_____

LIE, J.

WE CONCUR:

_____

GREENWOOD, P.J.

_____

GROVER, J.

*People v. A.R.*
H051036