Filed 11/14/24  P. v. Beaumont CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL BEAUMONT,<br><br>    Defendant and Appellant. | E082278<br><br>(Super.Ct.No. FVI23000706)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Shannon L. Faherty, Judge.  Affirmed as modified.

Monica McMillan, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Christopher P. Beesley and Britton B. Lacy, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant Michael Beaumont pled no contest in Los Angeles County Superior Court to possession of a short-barreled rifle or shotgun. (Pen. Code, § 33215.) Pursuant to a plea bargain, the court placed defendant on probation for two years. Defendant's probation was transferred to San Bernardino County where the superior court imposed several new probation conditions. Defendant appeals several of the new probation conditions.

FACTS

While probation officers were conducting a probation check of defendant's "mate" at defendant's address, they found in defendant's bedroom a gun safe, which defendant admitted belonged to him. The gun safe contained firearms he received from his grandfather, including a short-barreled rifle or shotgun.

DISCUSSION

At the hearing on modification of probation terms, defendant objected to the addition of several new terms. He now appeals the following conditions:

1) Term 011A: "Neither use nor possess any controlled substance unless prescribed to you by a medical professional. Medical documentation is to be given to the Probation Officer."

2) Term 013: Do "[n]ot possess any type of drug paraphernalia as defined in . . . H&S 11364.5(d) . . . ."

3) Term 012AA: "Submit to a controlled substance test at the direction of the Probation Officer, Court or any peace officer. Each test is subject to a fee . . . ."

2

4) Term 008F: "Permit visits and searches of places of residence by agents of the Probation Department and/or law enforcement for the purpose of ensuring compliance with the terms and conditions of probation; not do anything to interfere with this requirement, or deter officers from fulfilling this requirement, such as erecting any locked fences/gates that would deny access to Probation Officers, or have any animals on the premises that would reasonably deter, threaten the safety of, or interfere with officers enforcing this term."

We review probation conditions for abuse of discretion, that is, whether a condition is "'"arbitrary or capricious"'" or "'exceeds the bounds of reason under the circumstances.'" (*In re Ricardo P.* (2019) 7 Cal.5th 1113, 1118 (*Ricardo P.*).) The sentencing judge has broad discretion to impose appropriate conditions of probation that encourage rehabilitation and protect public safety; however, the discretion is not unlimited. (*People v. Cruz Cruz* (2020) 54 Cal.App.5th 707, 711 (*Cruz*); *People v. O'Neil* (2008) 165 Cal.App.4th 1351, 1355 (*O'Neil*).)

"A condition of probation will not be held invalid unless it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . .'" (*People v. Lent* (1975) 15 Cal.3d 481, 486.) All three prongs must be true before the appellate court will invalidate a probation condition. (*Ricardo P.*, *supra*, 7 Cal.5th at p. 1118.)

A. *Term Regarding Animals, Locked Gates and Fences*

Defendant contends the probation term restricting gates, fences and animals is unconstitutionally vague and must be modified. He suggests the term be modified to state, in pertinent part, "not *knowingly* do anything to interfere" with this requirement. At the hearing on modification of probation terms, the court imposed the condition as stated in the probation officer's report for the hearing, which did not contain a knowledge requirement; however, the minute order for the hearing indicates his interference must be knowing. The reporter's transcript appears more reliable in these circumstances, and we presume the court imposed the probation condition as proposed by the probation officer. (*People v. Anzalone* (2013) 56 Cal.4th 545, 552, fn. 6.)

Although defendant's counsel objected to this probation term, his objection was on another basis; however, defendant has not forfeited the issue because it presents a pure question of law, easily remedied by modification of the term. (*In re Sheena K.* (2007) 40 Cal.4th 875, 887.) The Attorney General agrees the issue is not forfeited and also agrees with the insertion of the word "knowingly" in this probation term.

Probation conditions that restrict constitutional rights must be narrowly crafted to avoid vagueness and overbreadth. (*In re Sheena K.*, *supra*, 40 Cal.4th at p. 890; *O'Neil*, *supra*, 165 Cal.App.4th at p. 1356.) A probation term is unconstitutionally vague and fails to give fair warning if the common person must guess at its meaning and application. (*In re Sheena K.*, at p. 890.) Adding the knowledge requirement into the probation term will cure the vagueness issue. (*Id*., at p. 892*.*) We therefore modify

4

probation term 008F as requested to indicate that defendant must know that his conduct is restricting the probation officer's ability to visit and search his residence.

B. *Terms Regarding Controlled Substances and Drug Paraphernalia*

Applying the *Lent* test to the three probation terms dealing with controlled substances and drug paraphernalia, we determine that, except for cannabis which we will discuss later, the court did not abuse its discretion in imposing the probation terms. As to the first prong of the test, there is no evidence that controlled substances were involved in defendant's offense or that he uses controlled substances.

As to the second prong, possession and use of controlled substances, with the exception of cannabis, without a prescription is illegal. (E.g., Health & Saf. Code, § 11350 et seq.) Because the second prong has not been met, probation terms 011A, 013, and 012AA which deal with controlled substances, with the exception of cannabis, are valid.

Nevertheless, possession and use of cannabis and paraphernalia for cannabis use is legal as delineated in Health & Safety Code section 11357 et seq. Even though possession and use of cannabis is a federal crime, it is not considered criminal for purposes of the *Lent* test. (*People v. Leal* (2012) 210 Cal.App.4th 829, 840-841.) We therefore turn to the third prong of the *Lent* test as to legal cannabis. Is the possession and use of cannabis and its paraphernalia related to future criminality?

The third prong does not require a connection between the probation conditions and offense, but there must be more than an abstract or hypothetical connection between the probation conditions and preventing future criminality. (*Ricardo P., supra*, 7 Cal.5th

5

at p. 1121; *Cruz*, *supra*, 54 Cal.App.5th at p. 712.)  Further, the third prong requires "a degree of proportionality between the burden imposed by a probation condition and the legitimate interests served by the condition."  (*Ricardo P.*, at p. 1122.)  The probation condition must be an ""'"appropriate"'"" and ""'"[r]easonable"'"" means to achieve the ends targeted by the condition.  (*Ibid.*)

In *Ricardo P.,* the juvenile court imposed an electronics search probation condition on the minor who had committed two burglaries.  The California Supreme Court stated the burden of the probation condition was not proportional to the interests served by the condition.  The Supreme Court noted that there was no evidence an electronic device had been used in connection with his criminal conduct, and that the juvenile court relied on minor's prior drug use and generalizations about electronics and minors bragging about their drug use on the internet.  (*Ricardo P.*, *supra*, 7 Cal.5th at pp. 1116, 1121-1122.)  Because the condition required minor to submit all electronic devices to search, the Supreme Court found it to be a significant burden on minor's privacy rights.  The court found that the probation condition "impose[d] a very heavy burden on privacy with a very limited justification."  (*Id.*, at p. 1124.)

In this case, there is no indication in the record that any drugs, including cannabis, were involved in the commission of defendant's crime or that he uses or abuses them.  The probation terms forbid the possession or use of cannabis, which is legal as delineated by Health and Safety Code section 11357 et seq., without any reasonable factual indication of how they prevent future criminality in this particular case.  Requiring controlled substance tests at defendant's expense is an invasion of his bodily and personal

privacy and a financial burden to him. "A probation condition that imposes substantially greater burdens on the probationer than the circumstances warrant is not a 'reasonable' one." (*Ricardo P.*, *supra*, 7 Cal.5th at p. 1128.) Because there is no evidence of defendant's drug use or abuse and no connection to the crime, the government's interest in preventing substance abuse is minimal in this case. Thus, the infringement on defendant's liberty is substantially disproportionate to the government's interests in this case, on the record before us.

## DISPOSITION

Probation terms 011A, 013, and 012AA are modified to indicate that they do not apply to the possession and use of cannabis or its paraphernalia as delineated in Health and Safety Code section 11357 et seq. Defendant is also not required to test for cannabis use. As modified, the remainder of probation terms 011A, 013, and 012AA, may stand because they deal with criminal possession and use of other controlled substances.

Probation term 008F is modified to indicate that defendant must know that his conduct is restricting the probation officer's ability to visit and search his residence.

As modified, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

CODRINGTON
J.

MENETREZ
J.