Filed 4/21/25  P. v. Nguyen CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE, | C101117 |
| Plaintiff and Respondent, | (Super. Ct. No. 62185611) |
| v. | |
| TUAN ANH NGUYEN, | |
| Defendant and Appellant. | |

Defendant Tuan Anh Nguyen pled guilty to transportation of methamphetamine and transportation of cocaine.  Pursuant to the plea agreement, the trial court sentenced defendant to six years with the first four years in custody and the last two years on supervised release.  On appeal, defendant argues the trial court erred by imposing the condition that his cellular telephone and other electronic devices were subject to search and seizure, asserting that provision is constitutionally overbroad and unreasonable.  He further argues that if he has forfeited this argument due to his trial counsel's failure to object, his counsel rendered ineffective assistance.  We will affirm.

1

## I. BACKGROUND

The information charged defendant with transportation of methamphetamine for sale (Health & Saf. Code, § 11379, subd. (a)—count one),[1] possession of methamphetamine for sale (§ 11378—count two), transportation of cocaine (§ 11352, subd. (a)—count three), possession of cocaine for sale (§ 11351—count four), possession of cannabis for sale (§ 11359, subd. (b)—count five), transportation of marijuana (§ 11360, subd. (a)(2)—count six), and possession of drug paraphernalia (§ 11364, subd. (a)—count seven).

At a traffic stop where defendant was stopped for speeding, defendant acknowledged he was traveling too fast and handed the officer his application for a driver's license. The officer noted defendant's pupils were constricted and not reacting to light, his teeth were poorly maintained, he was sweating, and his speech was scattered. Defendant told the officer he had last used methamphetamine two to three years prior to that date and had not since. Subsequently, defendant admitted to having "weed" in the trunk and handed the officer a glass pipe with a burnt substance inside, which defendant admitted he used to smoke methamphetamine earlier that day.

A search of defendant's car revealed a small scale in the center console, a cellphone located between the driver's seat and the console, a laptop in the back seat area, a Ziplock bag containing a pound of methamphetamine, a smaller bag containing 22 grams of cocaine, and three bags containing 2.3 pounds of marijuana. Defendant claimed this was all for his personal use, however officers concluded the total amount of drugs was too large for the daily use defendant claimed.

After his motion to suppress the evidence obtained in the stop was denied, defendant pled no contest to counts one and three in exchange of a total term of six years

---

[1] Further undesignated statutory references are to the Health and Safety Code.

to be served as a split sentence with four years in custody and the remaining two years served on mandatory supervision.

Starting in 2005, defendant's prior criminal history contains three separate convictions for possession of a controlled substance under section 11377, four convictions for possession of a controlled substance for sale under section 11378, one conviction for transportation of a controlled substance under section 11379, and three convictions for possession of a controlled substance for sale under section 11351.

The trial court sentenced defendant as agreed. As it related to his mandatory supervision, the court imposed the condition that defendant "shall submit . . . any electronic storage devices, any object under [defendant's] control, including but not limited to cell phones, computers or tablets, to search or seizure by law enforcement or probation any time of the day or night, with or without a warrant, with or without [defendant's] presence or further consent." We shall refer to this provision as the electronic device search condition.

Defendant filed a timely notice of appeal.

## II. DISCUSSION

Defendant argues the trial court erred in imposing the electronic device search condition because it is constitutionally overbroad and unreasonable. He further argues that if he has forfeited this claim due to his trial counsel's failure to object, counsel rendered him ineffective assistance. We disagree.

A.      *Terms and Conditions of Supervised Release*

We evaluate terms and conditions imposed as part of supervised release for reasonableness on a case-by-case basis under the test set out in *People v. Lent* (1975) 15 Cal.3d 481 (*Lent*) and *People v. Bryant* (2021) 11 Cal.5th 976. As noted by *Bryant*, "[a] review of the statutory provisions governing mandatory supervision reveals a scheme similar to that governing probationers with respect to the conditions of release. The balance of interests between effective supervision and an individual's privacy concerns

3

does not substantially differ between probation and mandatory supervision settings." (*Bryant, supra*, at p. 983.) Under the *Lent* test, a condition of probation is generally "invalid [only if] it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality.' " (*Lent, supra,* at p. 486.) "The *Lent* test 'is conjunctive—all three prongs must be satisfied before a reviewing court will invalidate a probation term.' " (*In re Ricardo P.* (2019) 7 Cal.5th 1113, 1118 (*Ricardo P.*).)

In addition to the *Lent* rule, "[j]udicial discretion to set conditions of probation is further circumscribed by constitutional considerations." (*People v. O'Neil* (2008) 165 Cal.App.4th 1351, 1356.) "A probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as constitutionally overbroad." (*In re Sheena K.* (2007) 40 Cal.4th 875, 890 (*Sheena K.*); see *Ricardo P., supra,* 7 Cal.5th at p. 1126.)

In *Ricardo P.,* the California Supreme Court further clarified the parameters of the third prong of *Lent* in a situation similar to the matter before us. (*Ricardo P., supra,* 7 Cal.5th at p. 1119.) In that case, the trial court granted a minor probation after he admitted to two counts of burglary. (*Id.* at p. 1115.) He challenged a probation condition requiring that he submit to a warrantless search of his electronic devices and provide passwords for accounts accessible through them. (*Id.* at pp. 1116-1117.) Although there was nothing in the record demonstrating the juvenile used electronic devices in the burglaries, the juvenile court imposed this condition in order to monitor the minor's compliance with separate conditions prohibiting him from using or possessing illegal drugs. (*Id.* at p. 1115.) Based on the third prong of the *Lent* test, the *Ricardo P.* court held that on the record before it, which contained "no indication that [the minor] had used or will use electronic devices in connection with drugs or any illegal activity, is insufficient to justify the substantial burdens imposed by this electronics search

4

condition.  The probation condition is not reasonably related to future criminality and is therefore invalid under *Lent*."  (*Id.* at p. 1116.)

To properly impose a probation condition under *Lent*'s third prong, the Supreme Court noted there must be more than an abstract or hypothetical relationship between the probation condition and the goal of preventing future criminality.  (*Ricardo P., supra,* 7 Cal.5th at p. 1121.)  Further, the condition cannot be examined solely on the basis it enhances supervision without some consideration of the burden placed on the probationer.  (*Id.* at p. 1122.)  Rather, the third prong of the *Lent* test "contemplates a degree of proportionality between the burden imposed by a probation condition and the legitimate interests served by the condition."  (*Ibid.*)  As applied in *Ricardo P.,* the court concluded that proportionality was lacking "because the burden it imposes on [the minor's] privacy is substantially disproportionate to the condition's goal of monitoring and deterring drug use."  (*Id.* at p. 1120*.*)  With this background, we turn to defendant's challenges.

B.      *Forfeiture*

The People argue that defendant forfeited his reasonableness and as-applied constitutional challenges by failing to assert a timely objection below.  We agree.

"Ordinarily, a criminal defendant who does not challenge an assertedly erroneous ruling of the trial court in that court has forfeited his or her right to raise the claim on appeal."  (*Sheena K., supra,* 40 Cal.4th at p. 880.)  This rule applies to challenges to probation conditions which ordinarily must be raised in the trial court; if they are not, appellate review of those conditions will be deemed forfeited both as to reasonableness and any claim concerning its constitutionality as applied to him or her.  (*Id.* at pp. 882, 889.)

Here, defendant did not object to the electronic device search condition even though the court sought input from both parties during its colloquy as to which conditions

5

it would impose and which it would not. Defendant's failure to object forfeited his objections under *Lent* and an as-applied constitutional challenge here.

While a facial challenge may be raised for the first time on appeal, we conclude defendant's overbreadth challenge is not a facial constitutional challenge.

The reason a defendant may raise a facial challenge on appeal for the first time is because the facial challenge presents a " ' "pure question[] of law that can be resolved without reference to the particular sentencing record developed in the trial court." ' " (*Sheena K., supra,* 40 Cal.4th at p. 889.) Such a claim "does not require scrutiny of individual facts and circumstances but instead requires the review of abstract and generalized legal concepts—a task that is well suited to the role of an appellate court." (*Id.* at p. 885.)

Here, defendant asserts the electronic device search condition infringes on his right to privacy as discussed in *Ricardo P.*, because the condition is not closely tailored to the purposes of deterring his future criminality. That inquiry requires scrutiny of the individual facts and circumstances of this case, the condition, and the reasons it was imposed. By definition, this is an as-applied challenge, which he has forfeited, not a facial challenge. (*In re Cesar G.* (2022) 74 Cal.App.5th 1039, 1047.)

## C.    *Ineffective Assistance of Counsel*

In an effort to avoid the forfeiture rule, defendant asserts his counsel was ineffective because he failed to object to the probation condition. The substance of defendant's argument is that defense counsel should have objected because the condition forbids or limits conduct which is not reasonably related to criminality under *Ricardo P.* We disagree.

To establish ineffective assistance of counsel, defendant must show that his counsel's representation fell below the standard of a competent advocate and a reasonable probability exists that, but for counsel's errors, the result would have been different. (*Strickland v. Washington* (1984) 466 U.S. 668, 687-688, 694.)

6

"On direct appeal, a conviction will be reversed for ineffective assistance only if (1) the record affirmatively discloses counsel had no rational tactical purpose for the challenged act or omission, (2) counsel was asked for a reason and failed to provide one, or (3) there simply could be no satisfactory explanation. All other claims of ineffective assistance are more appropriately resolved in a habeas corpus proceeding." (*People v. Mai* (2013) 57 Cal.4th 986, 1009.)

Here, trial counsel was not asked why counsel did not object to the electronic device search condition and defendant does not point to anything in the record that demonstrates counsel had no rational tactical purpose for this omission. We conclude counsel could have had a tactical reason for not raising this objection

*Ricardo P.* did not purport to outlaw electronics device search conditions categorically. As the court stated, "Our holding does not categorically invalidate electronics search conditions. In certain cases, the probationer's offense or personal history may provide the juvenile court with a sufficient factual basis from which it can determine that an electronics search condition is a proportional means of deterring the probationer from future criminality." (*Ricardo P., supra,* 7 Cal.5th at pp. 1128-1129.)

An example where the appellate court found the condition could lawfully be applied is *People v. Castellanos* (2020) 51 Cal.App.5th 267 (*Castellanos*). There, defendant pled no contest to one count of transporting a controlled substance and admitted two cell phones found in his car were his. (*Id.* at pp. 269, 271.) The trial court imposed an electronic search probation condition requiring the defendant "to provide law enforcement with access to any electronic device, including all passwords to any social media accounts and applications." (*Id.* at p. 269.) The *Castellanos* majority concluded this electronic device search condition was not an abuse of discretion under *Lent* and *Ricardo P.* (*Id.* at p. 275.) The connection between the crime and cell phones meant the first prong of *Lent* was not satisfied as the condition was based on the facts of the offense. The *Castellanos* court, however, went further and concluded the third prong of *Lent* had

7

not been satisfied because the relationship between drug distribution and the use of cell phones or electronic devices was more than just " 'abstract or hypothetical' " given that the underlying crime was a drug crime and defendant had possession of a cellular telephone while he committed the crime. (*Id.* at p. 276.)

Here, the facts track *Castellanos.* Defendant pled no contest to two significant drug trafficking crimes, the first of which involved transporting a pound of methamphetamine, and the second, almost an ounce of cocaine. A cellular telephone was seized from the car he was driving next to a scale. Given its location in the crack next to his seat, it was neither hypothetical nor abstract to conclude this this was defendant's phone. Further, defendant's criminal record includes convictions for 11 controlled substance violations, seven of which included the element of possessing drugs for sale. Under these circumstances, the relationship between the electronic device search condition and deterring defendant's future criminality did not meet the *Lent* test as applied by *Ricardo P.* Counsel, therefore, did "not render ineffective assistance by failing to make motions or objections that counsel reasonably determine[d] would be futile." (*People v. Price* (1991) 1 Cal.4th 324, 387.)

## III.  DISPOSITION

The judgement is affirmed.

/S/

RENNER, J.

We concur:

/S/

ROBIE, Acting P. J.

/S/

WISEMAN, J.*

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.